IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN WILLIS,

        Plaintiff,

v.

STATE OF OREGON, ANDREW ERWIN,
HERSHELL BROWN, and WASHINGTON
COUNTY DISTRICT ATTORNEYS OFFICE,

        Defendants.

No. 3:20-cv-00477-HZ

OPINION & ORDER

HERNÁNDEZ, District Judge:

      Pro se plaintiff Steven Willis brings this action against the State of Oregon, Andrew Erwin, Hershell Brown, and the Washington County District Attorney's Office. Plaintiff moves for the appointment of counsel and to proceed *in forma pauperis*. Because he has no appreciable income or assets, the motion to proceed *in forma pauperis* is granted. However, for the reasons

OPINION & ORDER - 1

explained below, the motion for the appointment of counsel is denied, and the complaint is dismissed.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that

    (A)  the allegation of poverty is untrue; or

    (B) the action or appeal–
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When a plaintiff is pro se, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996).

**DISCUSSION**

Plaintiff brings three claims based on Defendants' alleged violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments. Each claim is based on acts that occurred during criminal proceedings brought against Plaintiff. Specifically, Plaintiff appears to allege that Judge Erwin, while presiding over his trial, refused to grant Plaintiff additional time to find a witness; made certain evidentiary mistakes at trial (for example, allowing the district attorney to introduce expert testimony and evidence of drug paraphernalia); and made certain unidentified mistakes at sentencing. Plaintiff also appears to allege that he was either pressured into waiving his speedy trial rights or that the judge and prosecutor colluded in finding a trial date that would not violate Plaintiff's speedy trial rights. Plaintiff requests the Court vacate his sentence and award $15,000,000 in damages.

**I.      28 U.S.C. § 1915(e)(2)**

As an initial matter, Plaintiff's claims for money damages against the judge and prosecutor involved in his case fail because these defendants are immune from such a suit. *Olsen v. Idaho State Bd. of Medicine*, 363 F. 3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities."); *see Kalina v. Fletcher*, 522 U.S. 118, 123–25 ( 1997) (prosecutorial immunity). Similarly, because 42 U.S.C. § 1983 provides the cause of action for alleged federal constitutional violations, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002), the State of Oregon is also immune from suit, *Stilwell v. City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016) ("§ 1983 . . . did not abrogate States' Eleventh Amendment immunity and therefore does not allow suits against States themselves.").

To the extent Plaintiff seeks money damages against other defendants, Plaintiff's claims

appear to directly and indirectly challenge the legality of his conviction and are therefore barred absent a showing that the conviction has been set aside. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (to recover damages for harm caused by actions whose unlawfulness would render a conviction invalid, plaintiff must prove that the conviction has been reversed or otherwise invalidated); *Edwards v. Balisok*, 520 U.S. 641 (1997). Before Plaintiff can bring a § 1983 damages action, he must first invalidate his conviction through a state court proceeding, or through a federal petition for writ of habeas corpus if he has exhausted his state court remedies. *Heck*, 512 U.S. at 486–87.

To the extent Plaintiff asks the Court to vacate his conviction, such a request is not cognizable under § 1983. *Id.* at 481, 489. While it is unclear to the Court whether Plaintiff is currently in custody, the Court notes that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Court will not construe Plaintiff's complaint as a petition for habeas corpus without clear indication of Plaintiff's intent. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

The Court therefore dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### II. Motion to Appoint Counsel

Plaintiff also moves for a court-appointed attorney. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, under 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While this

Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. United States Dist. Ct. of Iowa*, 490 U.S. 296, 301–08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335–36; *Wilborn*, 789 F.2d at 1331; *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F.2d at 1331.

It is not appropriate to appoint counsel under 28 U.S.C. § 1915(e)(1) when the Court is dismissing the case under 28 U.S.C. § 1915(e)(2)(B). The Court therefore denies the motion for appointment of counsel.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* [1] is GRANTED, and Plaintiff's motion for appointment of counsel [3] is DENIED. Because Plaintiff has failed to state a cognizable claim, Plaintiff's complaint [2] is dismissed without prejudice. Plaintiff may file an amended complaint, consistent with this Opinion & Order, within 30 days of the date below. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court.

IT IS SO ORDERED.

Dated: _____May 5, 2020_____.

*[Signature: Marco Hernández]*

MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER - 5